

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**DAVID W. HERCHER**
BANKRUPTCY JUDGE

1050 SW SIXTH AVENUE, #700
PORTLAND, OREGON 97204
(503) 326-1538

COLLIN M. COLE
LAW CLERK

DORIA D. ARNTSEN
JUDICIAL ASSISTANT

March 31, 2021

VIA ECF ONLY

Kenneth S. Eiler                      Mark L. Fowler
Trustee                               Attorney for Debtor, Andrea Pedersbeck

    Subject:    Andrea Pedersbeck, Case No. 20-32794-dwh7
                    Application to Have the Chapter 7 Filing Fee Waived [7]

Greetings:

      For the following reasons, I will grant the fee-waiver application by debtor, Andrea Pedersbeck. I have considered the written submissions and oral argument by the trustee, Kenneth Eiler, and Ms. Pedersbeck's lawyer, Mark Fowler.

      The statute governing bankruptcy filing-fee waivers, 28 U.S.C. § 1930(f)(1), requires that two tests be satisfied before the court may waive the fee. First, the debtor's income must be less than an amount tied to the poverty line. Mr. Eiler does not dispute Ms. Pedersbeck's eligibility under the income test.

      Second, the debtor must be unable to pay the fee in installments. Instalment payments of the chapter 7 filing fee are approximately $110 per month for a presumptive period of three months. Mr. Eiler contends that three facts prove her ability to pay: her $400 monthly babysitting income, her boyfriend's noncash (and possible cash) support of her, and her payment of $400 to Mr. Fowler for services in this case.

      The babysitting income started after the petition date, and I have no evidence that it was certain or even expected as of the petition date. The entitlement to a fee waiver, and specifically a debtor's ability to pay in installments, should be decided based on the facts as of the petition date.

      The boyfriend allows Ms. Pedersbeck to live in his home without paying rent. Noncash support, such as free housing, can be relevant to ability to pay, but only if, as a result of the support, the debtor has cash income exceeding cash expenses. The monthly expenses for

Ms. Pedersbeck and her dependent total $670, exceeding her monthly cash income of $110—and that income is from contributions to her, rather than from earnings.

Mr. Eiler is skeptical of Ms. Pedersbeck's allegation that her boyfriend, who earns more than $50,000 per year and owns his home, does not also provide her cash support. The boyfriend has declared Ms. Pedersbeck and her two-year-old daughter as dependents on the boyfriend's income-tax returns. But without more evidence or reference to tax law, I can't infer from how the boyfriend files his taxes that he also provides her cash support—much less that he provides a specific amount of cash support that I could consider in determining her ability to pay in installments.

A debtor's payment to a bankruptcy lawyer can be relevant to the ability to pay the filing fee in installments, but only if the circumstances suggest that the debtor chose to pay the lawyer rather than to pay the filing fee. The $400 that Ms. Pedersbeck paid to Mr. Fowler was from a gift to her from her father for the specific purpose of enabling her to hire a bankruptcy lawyer, and she had no other resources from which to pay the fee. In general, a one-time contribution isn't evidence that other contributions would be forthcoming on request. And in this case specifically, her father is not in a financial condition to contribute more to her.

Considering all the evidence, I cannot find that Ms. Pedersbeck was, on the petition date, able to pay the filing fee in installments. The clerk will separately enter an order granting the application.

Very truly yours,

*David W. Hercher*

DAVID W. HERCHER
Bankruptcy Judge

DWH